**In re HURRICANE R.V. PARK, INC., Debtor.**

**Bankruptcy No. 91C–28133.**

United States Bankruptcy Court, D. Utah.

April 1, 1996.

**422**

George W. Pratt, Jones Waldo Holbrook & McDonough, Salt Lake City, UT, for debtor.

William F. Colgin, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for U.S.

ORDER DENYING DEBTOR'S MOTION TO AMEND COURT'S ORDER DIRECTING RELEASE OF LIENS TO AWARD DAMAGES FOR VIOLATION OF THE DEBTOR'S BANKRUPTCY DISCHARGE

GLEN E. CLARK, Chief Judge.

This matter came before the court on August 9, 1995, on Debtor's Motion to Amend Court's Order Directing Release of Liens to Award Damages for Violation of the Debtor's Bankruptcy Discharge.

The reorganized debtor, Hurricane R.V. Park, Inc. ("debtor"), seeks an award of attorney's fees incident to this court's ruling dated June 18, 1995, which ordered the United States to release each of its liens encumbering the debtor's property within ten days of the order.

The debtor advances three separate theories of law in support of its request for award of attorney's fees: (1) the court's equitable powers under 11 U.S.C. § 105 for a violation of the bankruptcy section 524 injunction; (2) award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and (3) award of fees pursuant to 26 U.S.C. § 7430.

In October 1994 the amendment to 11 U.S.C. § 106 extended this court's power to order monetary sanctions against the government. "This provision establishes that the government cannot assert sovereign immunity as a shield to defend its actions in violating the automatic stay and discharge provisions of the code, but instead must abide by the regular processes of the bankruptcy court applicable to all claimants." (140 Cong. Rec. H10772 (Oct. 4, 1994) (statement of Rep. Berman)). However, the sovereign is no ordinary creditor. In weighing the competing interests of the sovereign's collection of taxes against the rehabilitation of the debtor, Congress has made avoiding taxes in bankruptcy very difficult. *In re Grynberg,* 986 F.2d 367 (10th Cir.1993). This court's earlier decision was very difficult, and the court finds that no sanctions are appropriate under 11 U.S.C. § 105.

The debtor's second theory of recovery relies upon the Equal Access to Justice Act, 28 U.S.C. § 2412. However, because the proceedings were commenced after February 28, 1983, and because the proceedings were "in connection with the ... collection ... of any tax[,]" the Equal Access to Justice Act does not apply. 28 U.S.C. § 2412(e). *In re Grewe,* 4 F.3d 299 (4th Cir.1993); *United States v. McPeck,* 910 F.2d 509 (8th Cir. 1990).

The debtor's third theory of recovery seeks fees and costs pursuant to 26 U.S.C. § 7430. For a party to be eligible for an award under section 7430, three requirements must be satisfied. First, the party must have exhausted all administrative remedies available within the Internal Revenue Service. 26 U.S.C. § 7430(b)(1). Second, the party must show that the requested litigation costs are reasonable. 26 U.S.C. § 7430(a), (c)(1). Finally, the party must prove that he is a "prevailing party" as defined by section 7430(c)(4). In the matter before the court, section 7430 does not apply because the debtor failed to exhaust its administrative remedies prior to commencing

the action before the court. Specifically, the debtor failed to request a discharge of the debtor from the notice of "nominee lien" pursuant to 26 U.S.C. § 6325 and Treas.Reg. § 301.6325–1. Therefore, the debtor is not entitled to attorney's fees and costs pursuant to 26 U.S.C. § 7430.

Based upon the above analysis,

IT IS HEREBY ORDERED that Debtor's Motion to Amend Court's Order Directing Release of Liens to Award Damages for Violation of the Debtor's Bankruptcy Discharge is hereby denied.